### CALLAHAN, ALIAS W. D. JACKSON v. THE STATE.

When the case was called for trial the witnesses of the state were absent, and the prosecuting attorney moved for a continuance, which the accused opposed; the case was continued, and four days afterwards, the witnesses having appeared, the continuance was set aside, whereat the accused said he was surprised, and protested, but did not move a continuance for want of witnesses. There was no error in this. (Paschal's Dig., Art. 2984, 2986.)

Where the charge defined theft in the language of the code, and the proof was clear that the property was stolen in one county and sold by the accused in another, there was no error in the charge, nor was the court obliged to treat the statements of the prisoner, when selling the property, as confessions. (Paschal's Dig., Arts. 2381, 3061, 3127, Notes 683, 761.)

When the record does not show whether the prisoner was present when the verdict was rendered or not, the court will not presume that he was absent. (Paschal's Dig., Arts. 3088, 3089, Note 752.)

Where the property stolen in one county was the next day sold by the accused in another, he saying that he had bought the property, and giving reasons, not proved to be true, why he wanted to sell, there was no error in refusing a new trial. (Paschal's Dig., Art. 3137, Note 762.)

APPEAL from Bastrop. The case was tried before Hon. JOHN IRELAND, one of the district judges.

The defendant was convicted of stealing oxen and other cattle in Caldwell county and carrying them into Bastrop county, where he sold them.

There was a bill of exceptions, which merely recited what appeared in motions and orders upon those motions. They gave the following facts:

"That on the 17th day of December, of this year, this case was called for trial, and the state, by attorney, moved · the court to continue this case for the want of witnesses for the state, which application the court considered and granted, and the case was regularly continued.

"That on the 21st day of this month the counsel for the state, by motion, asked the court to set aside the continuance of this case, granted four days before, to which the defendant, by his counsel, excepted; because the case had been previously continued by the state until the next term of this court, and could not re-open the case and call the same for trial at this term of the court, because it would be a surprise to defendant, unless he consented for the case to be re-opened, which the defendant refused to do.

"Which exceptions were overruled by the court, and forced into trial, or required to show cause, by affidavit, why he should not be compelled to try this case.

"The cause was opened, because it was stated by the court, when the cause was continued, over the protest of defendant, that if the state's witnesses could be got before the court adjourned the cause would be opened and tried; and after the cause was re-opened defendant offered no reason why the cause should not be tried."

The facts proved were as follows:

"The state introduced, as a witness, A. L. Brock, who testified that in the early part of this year he missed from his pasture thirteen yoke of work oxen; that witness examined around the pasture and found where the fence had been let down and put up recently, and followed the tracks of the oxen, in a northwest direction, a short distance; the tracks of the oxen were quite plain for five or six· miles, but after that he could only track them when they crossed roads; that the weather was dry, and little impression was made except where roads were crossed; afterwards the trail of the oxen turned in the direction of Bastrop; that after following a whole day witness returned home, and the next day, February 3, came over to Bastrop county; within a few miles of Bastrop, in Bastrop county, in the edge of the Colorado valley, witness discovered his oxen in Mr. Fort's pasture and identified them; that witness got twelve yoke of his oxen from Mr. Fort. Witness, on cross-examination, stated he resided west of Lockhart, in Caldwell county, and that Blanco county was northwest from his residence. Witness, being re-examined, stated his oxen were worth $35 a yoke. Witness also stated he sold one yoke of his missing oxen to Mr. Fort.

"A. W. Fort, a witness for the state, testified that in February of this year the defendant, under the name of W. D. Jackson, sold him thirteen yoke of oxen for $150 in gold and a mule; that the next day after this sale Mr. A. L. Brock came to his house, claimed twelve of said yoke of oxen witness had bought from defendant, and carried them away, and described a yoke witness had sold to

Durand, of Austin, Texas. Witness, on cross-examination, stated that defendant told him that he had purchased the oxen in Blanco county; that defendant expected some friends to have met him here from Evergreen with money to carry the oxen to a better market, and also to purchase corn for them; that corn in the Colorado valley was worth $1 per bushel; that defendant was out of money, and his oxen poor, and was willing to sacrifice the oxen, as he was here, and was not able to go further with them. Witness did not know the direction from Brock's house to Blanco county, but knew Brock lived four or five miles west of Lockhart, in Caldwell county.

"—— Durand, a witness for the state, testified that he traded with Mr. Fort for one of the yoke of oxen Fort bought from defendant; that witness was present when Mr. Fort bought the oxen from defendant, and heard defendant say he was compelled, on account of the scarcity of money, and the fact that the oxen were poor, the weather cold, and the oxen falling off every day, to sell them at a sacrifice; that he (defendant) gave $30 a yoke for said oxen in Blanco county; that at first defendant asked Fort $30 a yoke for the oxen, but Fort refused to give that, and defendant finally sold all thirteen yoke of said oxen to Fort for $150 gold and a mule. Witness stated he traded for one of the yoke of oxen Fort bought from defendant, and described the yoke of oxen as Mr. Fort described it."

The court, in its charge, defined theft in the language of article 745 of the Penal Code, (Paschal's Dig., Art. 2381,) and put the hypothesis in the proper language.

The defendant's counsel asked instructions, which treated the statements of the prisoner to the purchaser of the oxen as confessions, which the court refused. The jury found the defendant guilty, and assessed the punishment at four years' imprisonment in the penitentiary.

The defendant moved in arrest of judgment and for a new trial, which motions were overruled, and he appealed.

*A. D. McGinnis*, for appellant.—I. The court erred in reopening the continuance of the case, against the protest of appellant, and forcing a trial of the same.

II. The court erred in refusing the charges to the jury requested by defendant's counsel.

III. The court erred in overruling the motion of appellant for new trial and in arrest of judgment.

IV. The court erred in receiving the verdict of the jury in the absence of appellant and his counsel, and in not having the jury polled.

On the first point, see Paschal's Digest, article 1461; Sayles' Practice, sections 476, 477, 478, and 527. While it is deemed the above references are sufficient to establish the point contended for, yet the case of McCoy v. Jones, (9 Tex., 363,) determines the action of the lower court to be erroneous.

On the second point, he cited the Criminal Code, Art. 664.

On the third point, it was urged that the record did not show that the prisoner was present when the jury returned the verdict. (Code Crim. Pro., Arts. 540, 617, 624, and 625.)

The motion in arrest of judgment should have been sustained, because the indictment is clearly defective, in not stating what Monday in March, 1866, it was found and returned into court by the grand jury of Bastrop county, so as to enable this court to determine whether any legal district court was at that time held. It is also suggested the indictment is defective, because it fails to charge directly that appellant was found with the property in Bastrop county. (Code Crim. Pro., Art. 198.) But the indictment on its face charges the theft to have been committed in Caldwell county, where he should have been prosecuted, unless he had actually been found with the property in Bastrop county. This allegation, being material to give Bastrop county jurisdiction, should have been expressly charged in the language of the law.

No brief for the state has been furnished to the *Reporter*.

MORRILL, C. J.—The first error assigned is, that the court erred in re-opening the continuance of the cause against the protest of Callahan. The record shows that when the cause was called for trial, the witnesses for the state being absent, the defendant insisted upon a trial, but a continuance was granted with the express understanding that it should be set aside on the appearance of the witnesses. When this took place, therefore, the defendant, if his witnesses were not present, could have made a showing for continuance, if he had any cause; but he assigned no cause, and we see no cause of error in the court ordering a trial.

The second, third, and fourth errors, to the effect that the court erred in his charge to the jury and in refusing the charges requested, and also in receiving the verdict of the jury in the absence of the defendant and his counsel, can be disposed of by a statement of the fact, that the charge given was as favorable to the defendant as the law allowed, and there was nothing in the record showing the absence of the defendant on the rendition of the verdict, and we cannot presume either that the court erred in this respect, or, if it were so, that the counsel for the defendant would have neglected to have so incorporated in the record, that it could be examined and corrected by this court.

We see no error in the rulings and charge of the court, and the testimony was sufficient to authorize the verdict of the jury. The judgment is

AFFIRMED.